IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **GREG NASON**, a minor by and through his parents and natural guardians, Greg Nason and Kris Nason,<br>　　　　　　*Plaintiff*, | § § § § § | |
| v. | § § | **Civil Case No.: _____** |
| **HUFFMAN INDEPENDENT SCHOOL DISTRICT, THE BOARD OF TRUSTEES FOR THE HUFFMAN INDEPENDENT SCHOOL DISTRICT, BENNY SOILEAU**, Superintendent of the Huffman Independent School District, In his official and individual capacities; **ADAM SKINNER**, Principal of Willie J. Hargrave High School, in his official and individual capacities, and **GLENN TURNER**, Vice Principal of Willie J. Hargrave High School, in his official and individual capacities,<br>　　　　　　*Defendants*. | § § § § § § § § § § § § § § | **VERIFIED COMPLAINT**<br><br>**Jury Trial Demanded** |

**PLAINTIFF'S VERIFIED ORIGINAL COMPLAINT AND APPLICATION
FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION**

Plaintiff, Greg Nason, by and through his parents and natural guardians, Greg Nason and Kris Nason, and for his Verified Complaint against Defendants, hereby states as follows:

**INTRODUCTION**

1. This is a civil rights action seeking to vindicate the constitutional rights of Greg Nason. Greg Nason is a high school student at Willie J. Hargrave High School ("Hargrave") whose constitutional rights were trampled upon by the Defendants after he commented on a video he received from another student showing a student refusing to stand for the pledge of allegiance as required by the policies of the Huffman Independent School District. Greg Nason was issued a discipline referral for allegedly violating the Acceptable Use policy by "[p]osting video of another

student without permission". The Defendants assert that Greg Nason's free speech rights are subordinate to another student's free speech rights because the Defendants' beliefs are contrary to Greg Nason's beliefs.

2. Greg Nason and Kris Nason bring this action on behalf of their minor child, Greg Nason.

3. The Defendants intend to impose a punishment against Greg Nason on **Friday, March 5, 2021**, even though a hearing contesting the allegation made against him is scheduled for **Friday, March 12, 2021**.

4. Greg Nason is seeking injunctive relief, declaratory relief, and nominal damages, pursuant to 42 U.S.C. §§ 1983 and 1988 against the Huffman Independent School District, the Board of Trustees for the Huffman Independent School District, Benny Soileau, the Superintendent of the Huffman Independent School District, in his official and individual capacities, Adam Skinner, the Principal of Willie J. Hargrave High School, in his official and individual capacities, and Glenn Turner, the Vice Principal of Willie J. Hargrave High School, for violating his rights under the First and Fourteenth Amendments to the United States Constitution.

5. Defendants routinely permit students to post photographs and videos of other students without permission. Greg Nason has observed many of his schoolmates taking videos and photos of other students without the permission of the subject and posting same on social media accounts without any reprisals or discipline referrals from Defendants.

6. Defendants state that Greg Nason violated the *Unacceptable and Inappropriate Use of Technology Resources* policy which states as follows:

> **Unacceptable and Inappropriate Use of Technology Resources**
>
> **Students are prohibited from possessing, sending, forwarding, posting, accessing, or displaying electronic messages that are abusive, obscene, sexually oriented, threatening, harassing, damaging to another's reputation, or illegal. This prohibition**

> **also applies to conduct off school property, whether on district-owned or personally owned equipment, if it results in a substantial disruption to the educational environment. Any person taking, disseminating, transferring, possessing, or sharing obscene, sexually oriented, lewd, or otherwise illegal images or other content-commonly referred to as "sexting"-will be disciplined in accordance with the Student Code of Conduct, may be required to complete an educational program related to the dangers of this type of behavior, and, in certain circumstances, may be reported to law enforcement. This type of behavior may constitute bullying or harassment, as well as impede future endeavors of a student. We encourage parents to review with their child the "Before You Text" Sexting Prevention Course, a state-developed program that addresses the consequences of sexting. Any student who engages in conduct that results in a breach of the district's computer security will be disciplined in accordance with the Student Code of Conduct. In some cases, the consequence may be expulsion.**

However, the *Hargrave High School Discipline Referral* ("Referral") issued to Greg Nason on January 12, 2021, states in the explanation portion of the Referral that Greg Nason violated the Acceptable Use policy by "[p]osting video of another student without permission". The Referral does not state that Greg Nason posted an electronic message which was abusive, obscene, sexually oriented, threatening, harassing, damaging to another's reputation, or illegal.

7. The video, which did not cause any disruption at Willie J. Hargrave High School ("Hargrave"), stated in its caption the following: "Imagine not standing for a flag that so many people have died for, disrespectful".

8. Defendants' censorship of Greg Nason's expression violates the First and Fourteenth Amendments to the United States Constitution.

9. The Referral seeks to impose a two-day In-School Suspension ("ISS") against Greg Nason.

10. Preliminary injunctive relief is necessary because Defendants intended to impose the two-day ISS should Greg Nason physically return to Hargrave and despite whether the informal and formal administrative processes to adjudicate the merits of the Referral have yet to be completed

or initiated. As a result, Defendants prevented Greg Nason from returning and attending Hargrave directly causing him additional damages. Defendant Adam Skinner has stated to other Hargrave personnel that Greg Nason is not allowed on Hargrave's premises unless he is punished.

11. Currently, Defendants intend to impose discipline against Plaintiff on **March 5, 2021**, even though a hearing contesting the allegation against him is scheduled for **March 12, 2021**. Additionally, Plaintiff has been warned that should he fail to attend the discipline on March 5, 2021, an additional day of ISS will be imposed against him.

## JURISDICTION & VENUE

12. This is a civil rights action that raises federal questions under the United States Constitution, specifically the First and Fourth Amendments, and the Civil Rights Act of 1871, 42 U.S.C. § 1983.

13. This Court has original jurisdiction over these federal claims under 28 U.S.C. §§ 1331 and 1343.

14. This Court has authority to award the requested damages pursuant to 28 U.S.C. § 1343; the requested injunctive relief pursuant to 28 U.S.C. § 1343 and Rule 65 of the Federal Rules of Civil Procedure; and costs and attorney's fees under 42 U.S.C. § 1988.

15. Venue is proper in this district and this division pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this district and because all of the acts giving rise to this action occurred in this district.

## PLAINTIFF

16. Greg Nason is enrolled in the Junior Reserve Officers' Training Corps ("JROTC") at Hargrave. JROTC prepares Greg Nason for a leadership role while making him aware of his rights,

responsibilities, and privileges as an American citizen including respect for the flag of the United States of America.

17. Defendants are barring Greg Nason from expressing what he has been taught and instructed during his enrollment in JROTC at Hargrave.

18. Greg Nason, a minor, is a 12th grade student at Hargrave and, at all times relevant to this Complaint, a resident of Harris County, Texas.

19. Greg Nason and Kris Nason are Greg Nason's parents and natural guardians and, at all times relevant to this Complaint, residents of Harris County, Texas.

## DEFENDANTS

20. The Huffman Independent School District ("Defendant HISD") is established, organized, and authorized to operate as a political subdivision of Texas.

21. As a political subdivision, Defendant HISD may sue and be sued.

22. The Board of Trustees for Defendant HISD ("Defendant Board") is the governing entity of Defendant HISD.

23. Defendant Board is also established, organized, and authorized to operate as a political subdivision of Texas.

24. As a political subdivision, Defendant Board has the capacity to sue and be sued.

25. Defendant Board is charged, inter alia, with the administration, operation, and supervision of all schools within the Huffman Independent School District, including Hargrave.

26. Defendant Board is charged with the formulation, adoption, implementation, and enforcement of its policies, including the Acceptable Use policy and the Unacceptable and Inappropriate Use of Technology Resources policy challenged herein.

27. Defendant Board is responsible for the enactment, enforcement, and existence of policies and procedures related to student expression.

28. Defendant Board designated Defendant and Superintendent Benny Soileau ("Defendant Soileau") as the individual responsible for implementing its policies in the daily operations of HISD.

29. Defendant Board retains broad supervisory authority over Defendant Soileau, the Principal of Hargrave, Adam Skinner ("Defendant Skinner"), the Vice Principal of Hargrave, Glenn Turner ("Defendant Turner"), and all other staff for Defendant HISD.

30. Defendant HISD and Defendant Board were and are aware of the enforcement of certain Huffman Independent School District policies including the Unacceptable and Inappropriate Use of Technology Resources policy and its application to student speech.

31. Defendant Soileau, as a policy maker, is responsible for the enactment, implementation, and enforcement of the Defendant HISD's policies and their application to student speech.

32. Defendant Soileau is sued in his official and individual capacities.

33. Defendant Glenn Turner is, and was at all times relevant to this Complaint, the Vice Principal of Hargrave, a public school organized pursuant to the laws of the State of Texas.

34. Defendant Turner is responsible for the enforcement of specific Huffman Independent School District policies including the Unacceptable and Inappropriate Use of Technology Resources policy and its application to student speech.

35. Defendant Turner is sued in his official and individual capacities.

36. Defendant Adam Skinner is, and was at all times relevant to this Complaint, the Principal of Hargrave, a public school organized pursuant to the laws of the State of Texas.

37. Defendant Skinner is responsible for the enforcement of specific Huffman Independent School District policies including the Unacceptable and Inappropriate Use of Technology Resources policy and its application to student speech.

38. Defendant Skinner is sued in his official and individual capacities.

39. All Defendants are responsible for the implementation and application of the Unacceptable and Inappropriate Use of Technology Resources policy and practice by school employees.

### FACTUAL ALLEGATIONS

**I. Defendants' Unacceptable and Inappropriate Use of Technology Resources Policy**

40. Hargrave is a public high school located in Huffman, Harris County, Texas.

41. Hargrave is under the direction and control of the Defendants.

42. Defendants are the official policymakers for Defendant HISD and have enacted and are responsible for the Unacceptable and Inappropriate Use of Technology Resources policy challenged herein and its enforcement against Greg Nason.

43. Defendant Board approved the Unacceptable and Inappropriate Use of Technology Resources policy which states as follows:

> **Unacceptable and Inappropriate Use of Technology Resources**
>
> **Students are prohibited from possessing, sending, forwarding, posting, accessing, or displaying electronic messages that are abusive, obscene, sexually oriented, threatening, harassing, damaging to another's reputation, or illegal. This prohibition also applies to conduct off school property, whether on district-owned or personally owned equipment, if it results in a substantial disruption to the educational environment. Any person taking, disseminating, transferring, possessing, or sharing obscene, sexually oriented, lewd, or otherwise illegal images or other content-commonly referred to as "sexting"-will be disciplined in accordance with the Student Code of Conduct, may be required to complete an educational program related to the dangers of this type of behavior, and, in certain circumstances, may be reported to law enforcement. This type**

> **of behavior may constitute bullying or harassment, as well as impede future endeavors of a student. We encourage parents to review with their child the "Before You Text" Sexting Prevention Course, a state-developed program that addresses the consequences of sexting. Any student who engages in conduct that results in a breach of the district's computer security will be disciplined in accordance with the Student Code of Conduct. In some cases, the consequence may be expulsion.**

See the relevant portion of the Student Handbook for Defendant HISD attached hereto and incorporated for all purposes as if stated herein verbatim as Exhibit P-1.

44. Students that violate the Unacceptable and Inappropriate Use of Technology Resources policy are subject to discipline in accordance with the Student Code of Conduct. However, the Student Code of Conduct fails to state a discipline for such a violation and the Unacceptable and Inappropriate Use of Technology Resources policy stated within the Huffman Independent School District's Student Handbook for 2020/2021 states "sexting" and a breach of the district's computer security will be disciplined. See Exhibit P-1.

## II. Greg Nason's Desired Expression

45. Greg Nason is a student currently enrolled in Hargrave.

46. Greg Nason is in the twelfth grade.

47. Greg Nason is enrolled in the JROTC program as a Raider Commander at Hargrave.

48. Greg Nason, as a JROTC participant, is instructed on his rights, responsibilities, and privileges as an American citizen including respect for the flag of the United States of America. See the relevant portion of the Hargrave High School US Army JROTC 2020-2021 Knowledge Packet attached hereto and incorporated for all purposes as if stated herein verbatim as Exhibit P-2.

49. Greg Nason shared his beliefs with his friends.

50. The way that Greg Nason accomplished this goal was by adding a caption to a video he received from another student. See the caption attached hereto and incorporated for all purposes as if stated herein verbatim as Exhibit P-3.

51. Greg Nason received a video taken by another student in another classroom during his second period class, Sports Medicine, which showed the activities of unknown students during the recitation of the Pledge of Allegiance by Hargrave's student body.

52. The video Greg Nason received was approximately 4 to 5 seconds in length showing an unknown girl sitting down using her cellular telephone while the unknown students around her stood up to recite the Pledge of Allegiance.

53. The student who recorded the video was also a member of the JROTC at Hargrave who was offended by the girl's conduct during the Pledge of Allegiance.

54. Greg Nason was taught as a JROTC participant at Hargrave that *standing* to say the Pledge of Allegiance shows respect to the men who bravely serve our country. Standing shows that a citizen is thankful for the selfless service and appreciate all that is done and saying the Pledge of Allegiance is a way for each citizen to his love, gratitude, and appreciation to our nation. See Exhibit P-2.

### III. Censorship of Greg Nason's Expression

55. Greg Nason, acting on his desire to express the beliefs he was taught in the JROTC program at Hargrave and out of respect for the meaning of the Pledge of Allegiance and the United States Flag, decided to edit a video he received from another student by adding a caption. See Exhibit P-3.

56. The only caption displayed on the video was "Imagine not standing for a flag that so many people have died for, disrespectful". See Exhibit P-3.

57. Pursuant to the Unacceptable and Inappropriate Use of Technology Resources policy challenged herein, Defendants regularly permit Greg Nason's schoolmates to post videos of other schoolmates without the permission of the schoolmates whose video was taken.

58. Almost every school day, multiple students and faculty in Defendant HISD take and post videos of another student without said student's permission.

59. When a fight began in the Hargrave cafeteria, Hargrave students, in the presence of Hargrave teachers, recorded the event without obtaining the permission of the students who were fighting without suffering any reprisals, ISS, or discipline by the Defendants.

### IV. Defendants give Inconsistent Explanations for their Censorship

60. The Referral states Greg Nason violated the Acceptable Use Policy. See a copy of the Referral attached hereto and incorporated for all purposes as if stated herein verbatim as Exhibit P-4.

61. The Referral states the conduct complained of is the posting of a video of another student without permission. The Referral does not state or make any references to harassment, abuse, obscenity, sex, threats, damage to another's reputation, or illegal conduct. See Exhibit P-4.

62. Huffman Independent School District's "Student Rights and Responsibilities - Student Expression" local policy does not address nor incorporate the Unacceptable and Inappropriate Use of Technology Resources policy. See a copy of the local policy attached hereto and incorporated for all purposes as if stated herein verbatim as Exhibit P-5. However, the "Student Rights and Responsibilities - Student Expression" legal policy states Defendant HISD shall not take any action abridging the freedom of speech because students do not shed their constitutional rights to freedom of speech or expression at the schoolhouse gate. See a copy of the legal policy attached hereto and incorporated for all purposes as if stated herein verbatim as Exhibit P-6. Additionally, Defendant

HISD must show Greg Nason's expression materially and substantially interfered with the operation of Hargrave or the rights of others.

63. One student's free speech does not override another student's free speech.

64. On February 22, 2021, more than ten (10) business days as defined within the policy promulgated by the Board of Trustees for the Huffman Independent School District, Defendant Skinner issued a Level One Decision to Plaintiff's Complaint in which he asserted a new allegation against Plaintiff stating Plaintiff "violated the 'Misuse of Technology Resources and the Internet' provision on page 8 of the 2020-2021 Student Code of Conduct, **and** the 'Unacceptable and Inappropriate Use of technology Resources' provision on page 63 of the 2020-2021 Huffman ISD Student Handbook." However, the Referral does not allude to the newly fabricated allegation related to the *Misuse of Technology Resources and the Internet* in its explanation. See Exhibit P-4.

65. On **March 2, 2021**, the Defendants notified Greg Nason that they intend to impose a punishment against him on **March 5, 2021**, even though a hearing pursuant to the policies promulgated by Defendant Board of Trustees to contest the allegations is scheduled for **March 12, 2021**.

## V. Defendants' Gamesmanship

66. The Referral recommends a two-day ISS.

67. If Greg Nason had attended Hargrave prior to an agreement to abate the enforcement of the ISS, Defendants would have imposed the ISS on Greg Nason despite Greg Nason's due process right to contest the Referral.

68. Defendant Skinner stated to another Hargrave staff member that Plaintiff was not allowed on Hargrave's premises unless Plaintiff surrendered himself for punishment.

69. In fact, the process to complain about the Referral, whether informally or formally, does not abate the punishment to a student unless the abatement of any deadlines is agreed to in writing by the parties. See the relevant portion of Defendant HISD's local policy attached hereto and incorporated for all purposes as if stated herein verbatim as Exhibit P-7.

70. However, per Defendants' counsel, it is not the normal practice of the Defendants to execute such an agreement. Defendants hope a complainant will engage in the informal complaint process to the point the deadline to file a formal complaint will be missed thereby precluding an opportunity to redress the wrong.

71. Defendants intend to impose punishment no matter the outcome of the complaint process thereby preventing Greg Nason access to Hargrave and the education to which he is entitled pursuant to the laws of the State of Texas.

72. Nonetheless, the parties executed an *Agreement* to abate the imposition the ISS until the Level One Complaint process had been completed. See a copy of the Agreement attached hereto and incorporated for all purposes as if stated herein verbatim as Exhibit P-8.

73. On February 1, 2021, a Level One Complaint hearing was held with Defendant Skinner and counsel for the Defendants, Chris Gilbert, present.

74. The aforementioned caption was previously discussed with Defendants Turner, Skinner, and Soileau. At no time has any other video or caption been discussed by the Defendants with the Plaintiff, Plaintiff's parents, nor even mentioned during the Level One Grievance hearing held on February 1, 2021.

75. On February 2, 2021, the very next day after the Level One Grievance hearing, Plaintiff was notified the Referral was now for a completely different act allegedly committed by the Plaintiff other than the one in the explanation field of the Referral; to-wit: commenting on a video

sent to Plaintiff. To date, only a screenshot has been provided although a request was made for a copy of the alleged video.

76. On February 22, 2021, Defendant Skinner untimely issued a Level One Decision to Plaintiff's Complaint in which he states that Plaintiff "violated the 'Misuse of Technology Resources and the Internet' provision on page 8 of the 2020-2021 Student Code of Conduct, **and** the 'Unacceptable and Inappropriate Use of technology Resources' provision on page 63 of the 2020-2021 Huffman ISD Student Handbook." See a copy of the Level One Decision dated February 22, 2021, attached hereto as Exhibit P-9.

77. However, the Referral does not allude to the newly fabricated allegation related to the *Misuse of Technology Resources and the Internet* in its explanation. See Exhibit P-4.

78. Defendants intend to impose punishment against Plaintiff despite the appeal process of the Referral not having been completed. See Exhibit P-9.

79. Defendants confirmed their intent to impose punishment against Plaintiff on March 5, 2021, despite the appeal process of the Referral not having been completed. See a copy of correspondence from the Defendants attached hereto and incorporated for all purposes as if fully stated herein verbatim as Exhibit P-10.

80. If Greg Nason fails to surrender himself for the "Friday Class" punishment, Defendants will impose an additional day of ISS against him. See Exhibit P-9.

## LEGAL ALLEGATIONS

81. Students do not shed their constitutional rights at the schoolhouse gate.

82. All of the acts of the Defendants, their board members, officers, agents, employees, and servants were executed and are continuing to be executed by Defendants under the color and

pretense of the policies, statutes, ordinances, regulations, customs, and usages of the State of Texas.

83. Greg Nason will suffer irreparable harm from the Defendants' conduct if the requested temporary restraining order and temporary injunction are not granted by this Court.

84. Greg Nason does not have an adequate or speedy remedy at law to correct or redress the deprivation of his rights by the Defendants.

85. Unless the Defendants are immediately enjoined from imposing the ISS, imposing the "Friday Class" discipline, imposing any discipline related to the Referral, or retaliating against Greg Nason, Greg Nason will continue to suffer irreparable injury.

86. The agreed abatement of the ISS initiated on January 25, 2021, should continue for any and all discipline against Plaintiff until this matter has been adjudicated so that Plaintiff may continue to attend school without being unofficially and illegally punished and to prevent Plaintiff from missing school to the point he will be required to repeat 12th grade.

## CAUSE OF ACTION
### First Amendment: Freedom of Speech
### (42 U.S.C. § 1983)

87. Plaintiff alleges and incorporates herein, as though fully set forth, the preceding paragraphs of this Complaint.

88. The First Amendment's Freedom of Speech Clause, incorporated and made applicable to the states by the Fourteenth Amendment to the United States Constitution, prohibits censorship of expression.

89. Non-disruptive, private student expression is protected by the First Amendment.

90. Greg Nason's speech is protected speech by the First Amendment.

91. Greg Nason's expression – wondering why a citizens would not respect the United States and its flag – did not and does not materially and substantially interfere with the orderly conduct of educational activity at Hargrave.

92. Defendants singled out Greg Nason's expression while permitting the expression of other students because of Greg Nason's viewpoint. Defendants routinely permit the posting of videos and pictures of students made without the subject's permission without any reprisals even when said videos and pictures are taken in front of teachers at Hargrave.

93. Viewpoint-based restrictions, whether in a public or nonpublic forum, are unconstitutional.

94. Content-based restrictions on speech in a public forum are presumptively unconstitutional and are subject to strict scrutiny.

95. Time, place, and manner restrictions on speech must be content-neutral, narrowly tailored to serve a significant government interest and leave open ample alternative channels of communication.

96. Defendants' censorship of Greg Nason while permitting others to post videos of other students without said student's permission is viewpoint discrimination, which is unconstitutional in any type of forum.

97. Defendants' unequal treatment of Greg Nason's expression is also a content-based restriction of his speech in an otherwise open forum.

98. Defendants have no compelling or legitimate reason that would justify their censorship of the message that Greg Nason expressed.

99. ISS and "Friday Class" are not the least restrictive means of achieving any compelling interest they may allege as the Referral has the same violation listed as under Minor Problem Behaviors. See Exhibit P-4.

100. Censoring students' speech per se is not and cannot be a legitimate pedagogical concern.

## DAMAGES

101. As a result of Defendants' actions, Plaintiff has been damaged in an amount that exceeds this Court's minimal jurisdictional limit. Accordingly, Plaintiff requests all actual damages resulting from, or proximately caused by, Defendants' actions as described in this Complaint including attorney's fees incurred to mitigate damages cause by Defendants' actions. Plaintiff also requests all consequential, restitution, and reputation damages. Plaintiff also requests pre-judgment and post-judgment interest on any award of damages along with its costs of court.

## ATTORNEY'S FEES

102. Plaintiff requests payment of his reasonable attorney's fees and costs. Plaintiff is entitled to recover his reasonable attorney's fees and expert fees pursuant to 42 U.S.C. §§ 1988(b) and 1988(c).

## APPLICATION FOR
## TEMPORARY RESTRAINING ORDER AND A TEMPORARY INJUNCTION

103. Plaintiff seeks a temporary restraining order and, after notice and a hearing, a temporary injunction prohibiting Defendants from imposing or enforcing an In School Suspension, a "Friday Class" discipline, any other discipline related to the Referral, and retaliation against Greg Nason related to this matter until this matter has been adjudicated.

104. Plaintiff is entitled to injunctive relief because he has (1) a substantial likelihood of success on the merits; (2) Defendants' conduct presents a substantial and immediate threat that Plaintiff will suffer irreparable injury absent the injunction; (3) this threatened injury outweighs any harm the injunction might cause the Defendants, if any; and (4) the injunction will not impair the public interest.

105.	Absent a temporary restraining order and a temporary injunction, Plaintiff will suffer irreparable injury as the Defendants intend to force Plaintiff to undergo a "Friday Class" discipline on **Friday, March 5, 2021**, despite the informal and formal grievance process having yet to be completed. The hearing for the Level Two Grievance is scheduled for **March 12, 2021**. One cannot undo a punishment exacted on another. In addition, the Defendants unofficially punished Plaintiff by causing him to miss school to prevent the imposition of the In School Suspension. A temporary restraining order and a temporary injunction are necessary to prevent this form of retaliation. The loss of constitutional freedoms for "even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

106.	A temporary restraining order and a temporary injunction will not significantly burden any of the Defendants' interests because nothing in the injunction in any way inhibits the Defendant's pedagogical function and the parties had previously agreed to an abatement of any discipline against Plaintiff. The public interest favors the issuance of a temporary restraining order and a temporary injunction to protect the constitutional rights at stake in this case.

## CONDITIONS PRECEDENT

107.	All conditions precedent have been performed or have occurred.

## JURY DEMAND

108.	Plaintiff requests this matter be scheduled for a jury trial.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully asks this Court to grant the following relief:

A.	Enter judgment in favor of Plaintiff and against the Defendants.

B.	Pursuant to 28 U.S.C. §§ 1331, 1367, and 2201-2202, Fed. R. Civ. P. 57, and this Court's equitable powers, issue a temporary restraining order; and, after notice and hearing, a temporary injunction ordering Defendants not to impose or enforce an In School

Suspension, a "Friday Class" discipline, or any other discipline or retaliation against Greg Nason related to this matter until this matter and all informal and formal complaint processes have been adjudicated.

C. Pursuant to 28 U.S.C. §§ 1331, 1367, and 2201-2202 and this Court's equitable powers, damages in the amount to be proved at trial or by dispositive motion.

D. Award Plaintiff pre-judgment and post-judgment interest on any damage awards.

E. Pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law or equity, award Plaintiff's costs and reasonable attorneys' fees.

F. Such other relief as may be just and proper.

Dated: March 3, 2021.

Respectfully submitted,

**WOODFILL LAW FIRM, P.C.**

*/s/ Jared R. Woodfill*
Jared R. Woodfill
TBN: 00788715
Federal Bar Number 17069
Michael Villasana
TBN: 00794795
Federal Bar Number 19656
Service Email: woodfillservice@gmail.com
Non-Service Email: jwoodfill@woodfilllaw.com
3 Riverway, Suite 750 Houston, TX 77056
TEL: (713) 751-3080
FAX: (713) 751-3058
***Attorneys for the Plaintiff***

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GREG NASON, a minor by and through his parents and natural guardians, Greg Nason and Kris Nason, <br>      *Plaintiff*, <br><br> v. <br><br> HUFFMAN INDEPENDENT SCHOOL DISTRICT, THE BOARD OF TRUSTEES FOR THE HUFFMAN INDEPENDENT SCHOOL DISTRICT, BENNY SOILEAU, Superintendent of the Huffman Independent School District, In his official and individual capacities; ADAM SKINNER, Principal of Willie J. Hargrave High School, in his official and individual capacities, and GLENN TURNER, Vice Principal of Willie J. Hargrave High School, in his official and individual capacities, <br>      *Defendants*. | § § § § § § § § § § § § § § § § § § § § | **Civil Case No.:** _____ <br><br> **VERIFIED COMPLAINT** <br><br> **Jury Trial Demanded** |

## VERIFICATION OF GREG NASON

**STATE OF TEXAS**      §
              §
**COUNTY OF HARRIS**    §

  BEFORE ME, the undersigned authority, on this day personally appeared Greg Nason, known to me to be the person whose name is subscribed below, and stated under oath that the following is a correct and complete statement of the facts and matters to which it relates and all the contents thereof are true and correct to the best of Greg Nason's knowledge.

  "My name is Greg Nason. I am at least 16 years of age, of sound mind, and capable of making this affidavit. I am personally acquainted with the facts herein stated.

I am the Plaintiff in the above styled cause of action. I have read the foregoing *Plaintiff's Verified Original Complaint and Application for Temporary Restraining Order and Temporary Injunction* and every factual statement in it is true and correct."

FURTHER, Affiant sayeth not.

_____
Greg Nason, Affiant

**SUBSCRIBED AND SWORN TO** before me by said Greg Nason, Affiant, on ____February   24____, 2021.

Document Notarized using a Live Audio-Video Connection



_____
Notary Public In and For
The State of Texas